WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq.
Nevada Bar No. 009296
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
dosborn@wrightlegal.net
*Attorneys for Defendant,*
*Federal National Mortgage Association*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARK TRAVIS WYMAN; and KRISTA MICHELLE WYMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST MAGNUS FINANCIAL CORPORATION; GMAC MORTGAGE; DEUTSCHE BANK TRUST COMPANY AMERICAS; RESIDENTIAL FUNDING COMPANY, LLC; EXECUTIVE TRUSTEE SERVICES, LLC; FNMA/FREDDIE MAC; CEREBRUS CAPITAL MANAGEMENT; LSI TITLE CO., INC.; DEPARTMENT OF TREASURY a/k/a INTERNATIONAL MONETARY FUND, <br><br> Defendants. | Case No.:  3:12-cv-00007-ECR-WGC |

## DEFENDANT, FEDERAL NATIONAL MORTGAGE ASSOCIATION'S, MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)

Pursuant to Federal Rules of Civil Procedure (F.R.C.P.) Rule 12(b)(6), Defendant, Federal National Mortgage Association (hereinafter "FNMA"), by and through their attorneys of record, Robin Prema Wright, Esq. and Donna M. Osborn, Esq. of the law firm Wright, Finlay, & Zak, LLP, hereby submit their Motion to Dismiss Plaintiffs' Complaint for Failure to State a

Claim Upon which Relief can be Granted. This Motion is based on the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and on any oral or documentary evidence that may be presented at a hearing on this matter.

DATED this 17th day of February, 2012.

                                  WRIGHT, FINLAY & ZAK, LLP

                                  Donna M. Osborn, Esq.
                                  Nevada Bar No. 006527
                                  5532 South Fort Apache Road, Suite 110
                                  Las Vegas, NV 89148
                                  *Attorney for Defendant,*
                                  *Federal National Mortgage Association*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

Plaintiffs executed a Deed of Trust/Adjustable Rate Rider and Note on September 6, 2006.[1] The Deed of Trust stated that the Lender was First Magnus Financial Corporation, the Trustee was Western Title Company, Inc., and MERS was the nominee for the Lender.[2] The amount of the loan was for one million dollars ($1,000,000.00).[3] On September 20, 2006, Plaintiffs executed a second Deed of Trust for five hundred thousand dollars ($500,000.00).[4] The second Deed of Trust stated that the Lender was First Magnus Financial Corporation, the Trustee was Western Title Company, Inc., and MERS was the nominee for the Lender.[5] All other recorded documents and foreclosure documents stated hereafter refer to the Plaintiffs' first

---

[1] A true and correct copy of the Deed of Trust recorded in the Douglas County Recorder's Office as Document Number 0684234 is attached to Defendants' Request for Judicial Review ("RJN") filed concurrently herewith as **Exhibit 1**.
[2] Id.
[3] Id.
[4] A true and correct copy of the second Deed of Trust recorded in the Douglas County Recorder's Office as Document Number 0685220 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 2**.
[5] Id.

Deed of Trust and Note. A Substitution of Trustee was recorded by MERS on June 16, 2010, whereby Executive Trustee Services, LLC was substituted as Trustee under Plaintiffs' Deed of Trust/Note.[6] A Notice of Breach and Default and of Election to Cause Sell of Real Property under Deed of Trust (hereinafter "Notice of Default") was recorded by Executive Trustee Services, LLC on June 16, 2010, stating that the date of default by the Plaintiffs was March 1, 2010.[7] An Assignment of Deed of Trust was recorded on February 18, 2011, whereby MERS as nominee for the Lender assigned all beneficial interest of Plaintiffs' Deed of Trust and Note to Deutsche Bank Trustee Company Americas as Trustee.[8] A Notice of Rescission of Notice of Default was recorded on March 14, 2011, whereby the Notice of Default recorded on June 16, 2010 was rescinded.[9] A Substitution of Trustee was recorded on March 14, 2011, whereby Executive Trustee Services was substituted as Trustee on Plaintiffs' Deed of Trust/Note.[10] A Notice of Default was recorded on March 14, 2011, whereby the date of default by the Plaintiffs was stated as March 1, 2010.[11] A Certificate from the State of Nevada Foreclosure Mediation Program was recorded on November 7, 2011, stating that Plaintiffs' failed to attend the foreclosure mediation or failed to produce the necessary disclosure forms.[12] A Notice of Trustee's Sale was recorded on November 16, 2011, setting a sale date of December 21, 2011.[13] The Notice of Trustee's Sale stated that the amount due and owing on Plaintiffs' loan was $1,184,443.15.[14]

---

[6] A true and correct copy of the Substitution recorded in the Douglas County Recorder's Office as Document Number 765318 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 3.**

[7] A true and correct copy of the Notice of Default recorded in the Douglas County Recorder's Office as Document Number 765319 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 4.**

[8] A true and correct copy of the Assignment recorded in the Douglas County Recorder's Office as Document Number 778756 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 5.**

[9] A true and correct copy of the Notice of Rescission recorded in the Douglas County Recorder's Office as Document Number 779884 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 6.**

[10] A true and correct copy of the Substitution recorded in the Douglas County Recorder's Office as Document Number 779885 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 7.**

[11] A true and correct copy of the second Notice of Default recorded in the Douglas County Recorder's Office as Document Number 779886 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 8.**

[12] A true and correct copy of the Certificate recorded in the Douglas County Recorder's Office as Document Number 792196 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 9.**

[13] A true and correct copy of the Notice of Trustee's Sale recorded in the Douglas County Recorder's Office as Document Number 792702 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 10.**

[14] Id.

As evidenced by the recorded documents upon which this Court can take judicial notice, Defendant, FNMA, has no relationship to the Subject Property nor holds an interest in the Notes or Deeds of Trust.

## II. PROCEDURAL HISTORY

Plaintiffs filed a Complaint for Quiet Title and Notice of Pendency of Action in the Ninth District Court, State of Nevada in and for the County of Douglas on December 19, 2011. Defendant, GMAC Mortgage, filed a Petition for Removal on January 5, 2012 in the United States District Court, District of Nevada. Defendant, GMAC Mortgage, filed a Certificate of Interested Parties, Motion to Dismiss, and Request for Judicial Notice on January 12, 2012. On January 24, 2012, Plaintiffs filed a Motion to Remand to State Court and a Response to Defendant, GMAC Mortgage's, Motion to Dismiss. On January 26, 2012, Defendant, LSI Title Company, Inc., filed a Certificate of Interested Parties and Joinder to GMAC Mortgage's, Motion to Dismiss. On January 26, 2012, Defendant, FNMA, filed a Certificate of Interested Parties. On February 1, 2012, GMAC Mortgage, filed a Reply in Response to Plaintiffs' Response to Motion to Dismiss. On February 2, 2012, Defendant, FNMA, filed a Joinder to GMAC Mortgage's Reply.

## III. LEGAL ARGUMENT

### A. MOTION TO DISMISS LEGAL STANDARD

Pursuant to Fed. R. Civ. P. Rule 12(b) (6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a Complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of his claim which would entitle them to relief, such that this Motion to Dismiss should be granted. See, Puckett v. Park Place Entertainment Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004). In making a determination, the allegations made in the Complaint are generally taken as true and viewed in the light most favorable to the non-moving party. Id. While the Court should typically take the allegations as alleged in the Complaint as true, "Courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Puckett, 332 F. Supp. 2d at 1352 (Quoting, Western Mining Counsel v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)). It has

1  specifically been held that "conclusory allegations of law and unwanted inferences are
2  insufficient to defend a Motion to Dismiss for failure to state a claim." In re Stac Electronics
3  Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996) (Quoting, In re VeriFone Securities
4  Litigation, 11 F.3d 865, 868 (9th Cir. 1993)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b) (6) motion ... However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

Furthermore, the Supreme Court recently clarified the pleadings obligation of F.R.C.P. 8(a)(2) in Bell Atlantic Corp. v. Twombly by holding that:

> A Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise the right to relief above the speculative level. 127 S. Ct. 1955, 1964 (2007).

The pleadings standard as articulated in Twombly has repeatedly been upheld by the United States District Court, District of Nevada. See, Law v. McDaniel, 2008 WL 4371771, 2 (D. Nev. 2008), Lambey v. State of Nevada, 2008 WL 2704191, *3 (D. Nev. 2008), Marr v. Anderson, 2008 WL 2037310, *1 (D. Nev. 2008).

"Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting F.R.C.P. Rule

8(a)(2)) (citations omitted). Although "a complaint need not contain detailed factual allegations," Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting Twombly, 127 S.Ct. at 1974), the Court will not assume that the plaintiff can prove facts different from those alleged in the complaint. Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). A court may dismiss as a frivolous complaint which merely recites bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind. Crisafi v. Holland, 655 F.2d 1305, 1307-08 (D.C.Cir.1981) (per curiam).

### B. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AGAINST DEFENDANT, FNMA, BECAUSE FNMA HOLDS NO LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' DEEDS OF TRUST OR NOTES.

Plaintiffs named FNMA as a Defendant in the above stated lawsuit; however, Plaintiffs never state a cause of action against FNMA or assert any claims against FNMA. In addition, FNMA has never appeared in Plaintiffs' chain of title as a Beneficiary, Trustee, Agent, or any other legal entity. As stated above, the recorded land documents in Plaintiffs' chain of title never names or mentions Defendant, FNMA, as an entity with any ownership or legal interest in Plaintiffs' Property, Deeds of Trust, or Notes. The only conclusion as to why FNMA was joined in this lawsuit can be gleamed from the sole mention of the word "FNMA" at the bottom of the Deeds of Trust template forms. At the bottom of the Plaintiffs' Deeds of Trust forms it states that the forms are a template form created by FNMA. Simply because the form was created by FNMA does not impugn legal authority or ownership onto FNMA with respect to the Plaintiffs' Deeds of Trust and Notes. Plus, FNMA has never claimed any legal ownership in Plaintiffs' Deeds of Trust and Notes. Therefore, FNMA has been improperly joined in this litigation without cause and should be dismissed.

### C. DEFENDANT, FNMA, HOLDS NO LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' DEEDS OF TRUST OR NOTES, HOWEVER EVEN IF FNMA DID HAVE A LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' PROPERTY, DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED WITH REGARDS TO PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS ARE BARRED FROM ASSERTING A QUIET TITLE, WRONGFUL FORECLOSURE CAUSE OF ACTION DUE TO THE PLAINTIFFS FAILURE TO TENDER.

Defendant, FNMA, reasserts that FNMA has no legal ownership or involvement in Plaintiffs' Deeds of Trust or Notes; however, if the Court finds that FNMA was properly joined or has some interest in Plaintiffs' Notes and Deeds of Trust, Plaintiffs' Complaint still fails to state a claim against FNMA upon which relief can be granted to the Plaintiffs because Plaintiffs have failed to tender the full payment of outstanding amount due under the Deeds of Trust.

Plaintiffs assert a quiet title/wrongful foreclosure cause of action in their Complaint. (See Complaint in general). Plaintiffs assert that there is a "cloud" on Plaintiffs' title and that the Defendants are not the real Beneficiaries under Plaintiffs' Deeds of Trust/Notes. (See Complaint in general). As stated above, Defendant, FNMA has never been involved in Plaintiffs' Deeds of Trust and Notes.

In addition, Plaintiffs are barred from asserting a cause of action for quiet title or wrongful foreclosure based on the Plaintiffs' failure to perform equity. Plaintiffs have failed to tender full payment of outstanding amounts due under their Deeds of Trust, thereby barring any claims of wrongful foreclosure or quiet title. Plaintiffs cannot prevent the non-judicial foreclosure of their property. "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Federal Sav. & Loan Ass'n, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983). Plaintiffs have not been making the monthly mortgage payments since March 2010. Plaintiffs have breached and failed to perform under the terms of their mortgage contracts, thereby forestalling any claims Plaintiffs assert for quiet title or wrongful foreclosure.


Additionally, any such claim for wrongful foreclosure is barred by the tender rule. There is a time honored maxim that "[h]e who seeks equity must do equity." In re Gardenhire, 209 F.3d 1145, 1152 (9th Cir. 2000) (citing, McQuiddy v. Ware, 87 U.S. (20 Wall.) 14, 19, 22 L.Ed. 311 (1873)). Such is also the law of Nevada. Lyerla v. Watts, 87 Nev. 58, 62, 482 P.2d 318, 321 (Nev. 1971), citing, Stanley v. Limberys, 74 Nev. 109, 112, 323 P.2d 925, 927 (1958). In a foreclosure context, this is referred to as the "tender rule," which states that to set aside a foreclosure sale, a full tender of the outstanding obligation must be made by the borrower. The tender Rule is strictly applied. Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996).

As one Court eloquently stated:

> Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention. Leonard v. Bank of America etc. Ass'n, 16 Cal.App.2d 341, 344, 60 P.2d 325 (1936) (cited in, Arnolds Management Corp. v. Eischen, 158 Cal.App.3d at 579, 205 Cal.Rptr. at 17).

The Nevada Supreme Court has adopted the Tender Rule consistent with Leonard and Arnolds Management. Kraemer v. Kraemer, 79 Nev. 287, 292, 382 P.2d 394, 396 (1963). In Kraemer, despite evidence of fraud and procedural irregularities regarding the foreclosure, the Court refused to set aside a foreclosure of the Forty-Niner Motel because the Plaintiff was financially unable to redeem the property. Id. The Court stated:

> Margaret admitted that she was financially unable to redeem the property. Thus, she is in no position to contend that her failure to do so was in consequence of representations made to her by William. Id.

Plaintiffs have not been making their monthly mortgage payments since March 2010 and have not tendered the full amount due and owing. Therefore, Plaintiffs are in default under the contracts. Plaintiffs have not pleaded plainly and clearly that they are not in default on their loans. Further, Plaintiffs have not pleaded that they have tendered or could tender the amount due and owing under the Notes. Plaintiffs have not done equity. Therefore, Plaintiffs' pleading is insufficient to overcome the "Tender Rule."

In addition, Plaintiffs allege an unlawful foreclosure, but fail to assert that a foreclosure has not occurred. The power of sale under Plaintiffs' Deeds of Trust has not been exercised with respect to Plaintiffs' Property. Therefore, Plaintiffs' claims for quiet title and wrongful foreclosure are premature and should be disregarded by this Court and Defendant's Motion to Dismiss should be granted with regards to Plaintiffs' Complaint because Plaintiffs fail to assert that they can tender.

### D. DEFENDANT, FNMA, HOLDS NO LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' DEEDS OF TRUST OR NOTES, HOWEVER EVEN IF FNMA DID HAVE A LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' PROPERTY, THE RECORDED LAND DOCUMENTS SHOW A CLEAR TRAIL OF LEGAL OWNERSHIP FROM THE ORIGINAL LENDER AND TRUSTEE TO THE FORECLOSING TRUSTEE AND BENEFICIARY.

Defendant, FNMA, reasserts that FNMA has no legal ownership or involvement in Plaintiffs' Deeds of Trust or Notes; however, if the Court finds that FNMA was properly joined or has some interest in Plaintiffs' Notes and Deeds of Trust, Plaintiffs' Complaint still fails to state a claim against FNMA upon which relief can be granted to the Plaintiffs because the recorded land documents show a clear trail of legal authority from the original Lender to the foreclosing Beneficiary and Trustee.

Plaintiffs assert in their Complaint that there is no evidence of transfers of ownership to the Defendants from the original Lender and the Defendants have no legal authority over Plaintiffs' Deeds of Trust/Notes. Excluding, FNMA, the recorded documents show a clear trail of legal authority from the original Lender and Trustee to the foreclosing Beneficiary and Trustee.

Plaintiffs executed a Deed of Trust/Adjustable Rate Rider and Note on September 6, 2006.[15] The Deed of Trust stated that the Lender was First Magnus Financial Corporation, the Trustee was Western Title Company, Inc., and MERS was the nominee for the Lender.[16] The

---

[15] A true and correct copy of the Deed of Trust recorded in the Douglas County Recorder's Office as Document Number 0684234 is attached to Defendants' Request for Judicial Review ("RJN") filed concurrently herewith as Exhibit 1.
[16] Id.

amount of the loan was for one million dollars ($1,000,000.00).[17] On September 20, 2006, Plaintiffs executed a second Deed of Trust for five hundred thousand dollars ($500,000.00).[18] The second Deed of Trust stated that the Lender was First Magnus Financial Corporation, the Trustee was Western Title Company, Inc., and MERS was the nominee for the Lender.[19] All other recorded documents and foreclosure documents stated hereafter refer to the Plaintiffs' first Deed of Trust and Note. A Substitution of Trustee was recorded by MERS on June 16, 2010, whereby Executive Trustee Services, LLC was substituted as Trustee under Plaintiffs' Deed of Trust/Note.[20] A Notice of Breach and Default and of Election to Cause Sell of Real Property under Deed of Trust (hereinafter "Notice of Default") was recorded by Executive Trustee Services, LLC on June 16, 2010, stating that the date of default by the Plaintiffs was March 1, 2010.[21]

An Assignment of Deed of Trust was recorded on February 18, 2011, whereby MERS as nominee for the Lender assigned all beneficial interest of Plaintiffs' Deed of Trust and Note to Deutsche Bank Trustee Company Americas as Trustee.[22] A Notice of Rescission of Notice of Default was recorded on March 14, 2011, whereby the Notice of Default recorded on June 16, 2010 was rescinded.[23] A Substitution of Trustee was recorded on March 14, 2011, whereby Executive Trustee Services was substituted as Trustee on Plaintiffs' Deed of Trust/Note.[24] A Notice of Default was recorded on March 14, 2011, whereby the date of default by the Plaintiffs

---

[17] Id.
[18] A true and correct copy of the second Deed of Trust recorded in the Douglas County Recorder's Office as Document Number 0685220 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 2**.
[19] Id.
[20] A true and correct copy of the Substitution recorded in the Douglas County Recorder's Office as Document Number 765318 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 3**.
[21] A true and correct copy of the Notice of Default is attached to Defendants' RJN filed concurrently herewith as **Exhibit 4**.
[22] A true and correct copy of the Assignment recorded in the Douglas County Recorder's Office as Document Number 778756 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 5**.
[23] A true and correct copy of the Notice of Rescission recorded in the Douglas County Recorder's Office as Document Number 779884 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 6**.
[24] A true and correct copy of the Substitution recorded in the Douglas County Recorder's Office as Document Number 779885 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 7**.

was stated as March 1, 2010.[25] A Certificate from the State of Nevada Foreclosure Mediation Program was recorded on November 7, 2011, stating that Plaintiffs' failed to attend the foreclosure mediation or failed to produce the necessary disclosure forms.[26] A Notice of Trustee's Sale was recorded on November 16, 2011, setting a sale date of December 21, 2011.[27] The Notice of Trustee's Sale stated that the amount due and owing on Plaintiffs' loan was $1,184,443.15.[28] Therefore, Plaintiffs' assertion of Defendants' lack of legal authority and failure to record the transfers of legal ownership in Plaintiffs' Deeds of Trust/Notes are meritless based on the recorded land documents.

### E. DEFENDANT, FNMA, HOLDS NO LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' DEEDS OF TRUST OR NOTES, HOWEVER EVEN IF FNMA DID HAVE A LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' PROPERTY, PLAINTIFFS' SECURITIZATION AND "SPLITTING" OF THE NOTE ARGUMENTS ARE MERITLESS.

Defendant, FNMA, reasserts that FNMA has no legal ownership or involvement in Plaintiffs' Deeds of Trust or Notes; however, if the Court finds that FNMA was properly joined or has some interest in Plaintiffs' Notes and Deeds of Trust, Plaintiffs' Complaint still fails to state a claim against FNMA upon which relief can be granted to the Plaintiffs because Plaintiffs Notes and Deeds of Trust were never split and Nevada case law rejects Plaintiffs' "splitting" of the Note and Deed of Trust arguments.

Plaintiffs resort to an oft repeated "requirement" that if the Note and Deed of Trust are "separated" that a foreclosure cannot occur. This argument has been rejected time and again by the Nevada judiciary.

---

[25] A true and correct copy of the second Notice of Default recorded in the Douglas County Recorder's Office as Document Number 779886 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 8**.
[26] A true and correct copy of the Certificate recorded in the Douglas County Recorder's Office as Document Number 792196 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 9**.
[27] A true and correct copy of the Notice of Trustee's Sale recorded in the Douglas County Recorder's Office as Document Number 792702 is attached to Defendants' RJN filed concurrently herewith as **Exhibit 10**.
[28] Id.

Most recently, the Nevada Supreme Court rejected that a Note can be split from a Deed of Trust in <u>Thomas v. BAC Home Loans</u>, NV. Adv. Op. 56587 at *9. [29] The <u>Thomas</u> case is unpublished and not cited for its precedent, however; since it is signed by all of the current Nevada Supreme Court Justices, it is highly persuasive. In <u>Thomas</u>, Thomas argued that both BAC and Freddie Mac had claimed ownership of the promissory note and that the note holder is synonymous with "owner."[30] The Nevada Supreme Court disagreed and noted that NRS 104.3301(5) provides that "a person entitled to enforce the instrument" may be one who "is" not the owner of the instrument or is in wrongful possession of the instrument. [31] Additionally, the holder pertains to one who may enforce the debt and is separate concept from that of ownership.[32] The Court held that since BAC holds the note, BAC could enforce the note as well as the Deed of Trust that runs with the Note. [33]

Under Nevada law, the Note and Deed of Trust run together as one and therefore the theory that the same has been "split" is a fiction and misnomer. In fact the Nevada Supreme Court Decision from 1969, <u>Giorgi v. Pioneer Title Insurance Company</u>, 85 Nev. 319, 454 P.2d 104, succinctly summarizes the problem and the solution to the conflict of recording requirements and the ability to transfer debt. <u>Giorgi</u> holds that the Note cannot be split from the Deed of Trust. <u>Giorgi</u>, 85 Nev. 319, 454 P.2d 104. Furthermore, Nevada law has traditionally held that the deed of trust is enforceable and that even situations where the debt could be extinguished, the mortgage will still exist. <u>S.T. Henry v. The Confidence Gold and Silver Mining Company</u>, 1 Nev. 619, 1865 WL 1098 (1865). The <u>Henry</u> Court rejected such a conclusion, noting that even if a statute of limitations caused a bar to the enforcement of the note, the holder of note could still "maintain his action of ejectment for the land mortgaged, or file his bill in equity." <u>S.T. Henry v. The Confidence Gold and Silver Mining Company</u>, 1 Nev. 619, 1865 WL 1098 (1865).

---

[29] A true and correct copy of this opinion is attached to Defendant's Request for Judicial Notice filed concurrently herewith as **Exhibit 11**.
[30] <u>Id.</u> at 9.
[31] <u>Id.</u>
[32] <u>Id.</u>
[33] <u>Id.</u>

Plaintiffs' insistence that standing is lacking unless the Defendants prove their own standing is not found in law or equity. The identity of the investor is irrelevant to whether Plaintiffs owe money under the Note and Deed of Trust and is akin to alleging that their default is justified because they do not know who they are failing to pay. This is false as the Deeds of Trust state that the Borrowers are to pay the Loan Servicer not the Beneficiary. The Loan Servicer provides monthly statements to the Borrowers not the Beneficiary. Therefore the identity of the Beneficiary is completely irrelevant for purposes of the Borrowers payment under the Note and Deed of Trust. This is important to the "splitting the note" theory that Plaintiffs are asking the Court to accept because without this manufactured confusion, the Plaintiffs are left with the unpalatable truth that Plaintiffs are living at a property that they still owe money on and yet refuse to pay.

Simply alleging that a foreclosure is wrong because the Note and Deed of Trust may have been "split" is simply a refusal to invest the effort required for understanding the nature of secured interests in property. Thus, without an understanding of the processes, Plaintiffs assert that they are not in default because the Note is void. There is no duty for the Beneficiary to disprove "splitting." Plaintiffs are required to pay their mortgages under the Deeds of Trust. Based on the Notice of Default, Plaintiffs have stopped paying their mortgage as early as March 2010. Therefore, Plaintiffs' foreclosure sequence argument should be disregarded based on Nevada courts and the Nevada Judiciary's rejection of Plaintiffs' "splitting" argument.

**F. DEFENDANT, FNMA, HOLDS NO LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' DEEDS OF TRUST OR NOTES, HOWEVER EVEN IF FNMA DID HAVE A LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' PROPERTY, PLAINTIFFS' TILA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

Defendant, FNMA, reasserts that FNMA has no legal ownership or involvement in Plaintiffs' Deeds of Trust or Notes; however, if the Court finds that FNMA was properly joined or has some interest in Plaintiffs' Notes and Deeds of Trust, Plaintiffs' Complaint still fails to state a claim against FNMA upon which relief can be granted to the Plaintiffs because Plaintiffs' TILA claims are barred by the statute of limitations.

Plaintiffs assert that Defendants violated the Truth in Lending Act. (Complaint at pg. 6). Plaintiffs cannot prevail on their Truth in Lending Act (hereinafter, "TILA") claims due to the one year statute of limitations for such claims. Under 15 U.S.C. § 1640(e) "[a]ny action under this section" may be brought within one year of the occurrence of the alleged violation. The Deeds of Trust were entered into in September 2006, which is over six years ago. Thus, Plaintiffs' T.I.L.A. claims fail as a matter of law.

### G. DEFENDANT, FNMA, HOLDS NO LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' DEEDS OF TRUST OR NOTES, HOWEVER EVEN IF FNMA DID HAVE A LEGAL OWNERSHIP OR INVOLVEMENT IN PLAINTIFFS' PROPERTY, PLAINTIFFS' REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF IS UNNEEDED SURPLUSSAGE.

Defendant, FNMA, reasserts that FNMA has no legal ownership or involvement in Plaintiffs' Deeds of Trust or Notes; however, if the Court finds that FNMA was properly joined or has some interest in Plaintiffs' Notes and Deeds of Trust, Plaintiffs' Complaint still fails to state a claim against FNMA upon which relief can be granted to the Plaintiffs because Plaintiffs' Complaint fails to state a claim upon which relief can be granted, which would warrant declaratory or injunctive relief.

Plaintiffs' declaratory relief claim is wholly derivative of the substantive law claims asserted elsewhere in the Complaint. It adds nothing to the pleading and fails just as the substantive claims upon which the declaratory relief relies upon fails. Declaratory Relief requires a present and actual controversy between the parties as to an existing or future right.[34] Since, Plaintiffs failed to state a claim with respect to any of the other causes of action as discussed above, their Declaratory Relief claim fails, and as the other claims cannot survive, it is thus moot.

Plaintiffs have failed to identify under what basis they are entitled to a "permanent injunction" which would effectively grant an un-transferable title to the subject property in the Plaintiffs' name and eliminate any ability for Defendants to enforce their secured interest in the Property. As demonstrated in this Motion to Dismiss, the Plaintiffs have not pled a viable claim

---

[34] NRS §30.040.

against Defendants. Plaintiffs have failed to plead that Defendants do not have legal authority to foreclose on Plaintiffs' property or violated TILA. As a result, Plaintiffs have not provided any viable basis for the Court to give such un-transferable title to the Property, and therefore the claim for declaratory relief and injunctive relief fails to state a claim for which relief can be granted and should be denied.

## IV. CONCLUSION

Based on the foregoing, Defendant, FNMA, respectfully requests the Court to grant their Motion to Dismiss Plaintiffs' Complaint in its entirety with prejudice.

DATED this ____ day of February, 2012.

_____
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
*Attorney for Defendant,*
*Federal National Mortgage Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am employee of WRIGHT, FINLAY, & ZAK, LLP; that service of the foregoing **DEFENDANT, FEDERAL NATIONAL MORTGAGE ASSOCIATION'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)** was made on the ____ day of February, 2012, by electronically serving to all parties and counsel as identified on the Court-generated Notice of Electronic Filing and by depositing a true and correct copy of the same in the United States Mail, at Las Vegas, Nevada, addressed as follows:

Mark Travis Wyman & Krista Michelle Wyman
196 Taylor Creed Road
Gardnerville, Nevada 89460

_____
Employee of WRIGHT, FINLAY, & ZAK, LLP