☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 17 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MARK TRAVIS WYMAN, KRYSTA MICHELLE WYMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST MAGNUS FINANCIAL CORPORATION; GMAC MORTGAGE, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; RESIDENTIAL FUNDING COMPANY, LLC; EXECUTIVE TRUSTEE SERVICES, LLC; FANNIE MAE/FREDDIE MAC; CEREBRUS CAPITAL MANAGEMENT; LSI TITLE CO., INC.; DEPARTMENT OF TREASURY a/k/a INTERNATIONAL MONETARY FUND,<br><br>    Defendants. | 3:12-cv-00007-ECR-WGC<br><br>**Order** |

This case arises out of a quiet title action alleging that Defendants wrongfully foreclosed on Plaintiffs' home.

**I. Factual and Procedural Background**

On or about September 6, 2006, Plaintiffs executed a Deed of Trust with regard to the real property located at 196 Taylor Creek Road, Gardnerville, NV 89406 to secure a loan in the amount of

1  $1,000,000.00.  (Deed of Trust[1] (#30-1).)  The Deed of Trust was
2  recorded on September 11, 2006 as document #0684234, and names
3  Defendant First Magnus Financial Corporation as the lender, Western
4  Title Company Inc. as the trustee, and Mortgage Electronic
5  Registration Systems, Inc. ("MERS") as the beneficiary and nominee
6  of the lender.  (Id.)  The Deed of Trust allows the lender to
7  appoint a substitute trustee and provides that "MERS holds only
8  legal title to the interests granted by Borrower in this Security
9  Instrument," but has the right to foreclose and sell the property as
10 a nominee of the lender.  (Id.)

11       On June 11, 2011, MERS substituted Defendant Executive Trustee
12 Services, LLC ("ETS") as the trustee under the Deed of Trust,
13 memorialized by a Substitution of Trustee recorded on June 16, 2011
14 as document #765318.  (Substitution of Trustee (#30-3).)  Also on
15 June 16, 2011, Defendant ETS recorded a Notice of Breach and Default
16 and of Election to Cause Sell [sic] of Real Property Under Deed of
17 Trust as document #765319.  (Notice of Default (#30-4).)

---

[1] Defendants Deutsche, ETS, GMAC, and RFC and Defendant FNMA have requested that the Court take judicial notice of relevant publicly recorded documents, copies of which are filed in support of their respective Motions to Dismiss (## 5, 28). This Court takes judicial notice of these public records. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (holding that the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201). Importantly, "[a] court may . . . consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). The Court therefore considers the judicially notice documents without converting the Motions to Dismiss (## 5, 28) to motions for summary judgment.

1    On February 15, 2011, MERS executed an Assignment of Deed of
2 Trust, assigning the beneficial interest in the Deed of Trust and
3 the underlying note to Defendant Deutsche Bank Trust Company
4 Americas ("Deutsche"). (Assignment of Deed of Trust (#30-5).) The
5 Assignment was recorded on February 18, 2011 as document #778756.
6 (Id.)
7    Defendant ETS, as trustee under the Deed of Trust, recorded a
8 second Notice of Breach and Default and of Election to Cause Sell
9 [sic] of Real Property Under Deed of Trust as document #779886 on
10 March 14, 2011. (Second Notice of Default (#30-8).)
11    On or about August 3, 2011, the State of Nevada Foreclosure
12 Mediation Program issued a Certificate, recorded on November 7, 2011
13 as document #792196, noting that Plaintiffs failed to attend and/or
14 produce the necessary forms at the Foreclosure Mediation Conference
15 and authorizing the beneficiary to proceed with the foreclosure
16 process. (Certificate (#30-9).)
17    On November 16, 2011, Defendant ETS recorded a Notice of
18 Trustee's Sale, setting the sale date for December 21, 2011.
19 (Notice of Sale (#30-10).)
20    Plaintiffs subsequently filed a quiet title complaint (#1-1) in
21 the Ninth District Court of the State of Nevada in and for the
22 County of Douglas (the "State Court") on December 19, 2011.
23 Defendants Residential Funding Company ("RFC"), ETS, GMAC Mortgage,
24 LLC ("GMAC"), and Deutsche removed the action to this Court on
25 January 5, 2012, invoking the Court's federal question jurisdiction.
26 (Pet. Removal (#1).)
27
28                                    3

On January 12, 2012, Defendants RFC, ETS, GMAC, and Deutsche filed a Motion to Dismiss (#5). On January 26, 2012 Defendant LSI Title Co., Inc. ("LSI") and Defendant Fannie Mae/Freddie Mac ("FNMA") joined (## 13, 16) the motion. Plaintiffs responded (#10) on January 24, 2012, and the moving Defendants replied (#19) on February 1, 2012.

On January 24, 2012, Plaintiffs filed a Motion to Remand (#9). Defendant FNMA responded (#22) on February 7, 2012, and Defendants RFC, ETS, GMAC and Deutsche responded (#23) on February 8, 2012.

Plaintiffs filed a Motion to Strike (#24) Defendant LSI's joinder (#13) to the Motion to Dismiss (#5) on February 8, 2012. Defendant LSI responded (#26) on February 9, 2012.

On February 8, 2012, Plaintiffs filed a Motion for Summary Judgment (#25). Defendant FNMA responded (#31) on February 27, 2012. Additionally, on March 1, 2012, Defendants RFC, ETS, GMAC, and Deutsche filed their Response (#39), which was joined by Defendants Cerebrus Capital Management ("Cerebrus"), LSI, and FNMA (## 40, 41, 42). Plaintiffs filed their Reply (#44) on March 7, 2012.

On February 17, 2012, Defendant FNMA filed a Motion to Dismiss (#28). Plaintiffs responded (#33) on February 29, 2012. Defendant Cerebrus joined (#43) FNMA's Motion to Dismiss (#28) on March 7, 2012. FNMA replied (#45) on March 9, 2012. FNMA filed a Motion for Hearing (#62) regarding its Motion to Dismiss (#28) on May 30, 2012.

On February 29, 2012, Plaintiffs filed a Motion to Strike (#34) which the Court construes as an additional motion to remand. Defendant FNMA responded (#47) on March 13, 2012.

On April 30, 2012, we found that federal question jurisdiction does not exist and ordered (#56) Defendants to submit evidence of the citizenship of the parties in order to determine whether the Court may exercise diversity jurisdiction over the matter.

## II. Plaintiffs' Motions to Remand (## 9, 34)

### A. Legal Standard

Under the federal removal statute, 28 U.S.C. § 1441(a),

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c). However, the district court should deny a motion to remand to state court if the case was properly removed to federal court. Carpenters S. Cal. Admin. Corp. v. Majestic Hous., 743 F.2d 1341, 1343 (9th Cir. 1984). The removing party bears the burden of establishing federal jurisdiction. Calif. ex rel Lockyer v. Dynegy, Inc., 375 F.3d 831, 839 (9th Cir. 2004). Removal statutes are to be

5

strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court.  <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1252 (9th Cir. 2006).

**B. Discussion**

The Court finds on the basis of the pleaded facts in the Petition for Removal (#1) and the additional submitted evidence of citizenship that the parties are completely diverse because none of the Defendants are citizens of the state of Nevada.  Furthermore, Plaintiffs do not contend that any Defendant is a citizen of Nevada or that the parties are not otherwise completely diverse.

However, Plaintiffs dispute in their Motion for Summary Judgment (#25) that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.  Where a defendant removes a state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  <u>Valdez v. Allstate Ins. Col</u>, 372 F.3d 1115 (9th Cir. 2004).  In this case, it is clear from the face of the complaint and the judicially noticed documents that the amount in controversy exceeds $75,000.  While Plaintiffs do not seek damages, they do seek a declaration that the promissory note is fully discharged and that the Deed of Trust is null and void.  (Compl. at 20 (#1-1).)  The Deed of Trust (#30-1), which is also attached to Plaintiffs' complaint (<u>see</u> Compl. Ex. A), secures a loan in the amount of $1,000,000.  Thus, not only it is "facially

evident" from the complaint that this requirement is met, but the Deed of Trust establishes that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Plaintiffs' remaining objections to the Court's exercise of jurisdiction are generally without merit, as they cite to the Federal Rules of Evidence and local rules governing appearances before this Court. Plaintiffs' Motions to Remand (## 9, 34) must therefore be denied.

### III. Defendants' Motions to Dismiss (## 5, 28)

**A. Legal Standard**

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the

Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

**B. Discussion**

   1. Quiet Title

   Plaintiffs' complaint seeks to quiet title in Plaintiffs' names. Under Nevada law, a quiet title action may be brought by a party who claims an adverse interest in the subject property. NEV. REV. STAT. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996) (citations omitted). When an adverse claim exists, the party seeking to have another party's right to property extinguished must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. Leavitt, 692 P.2d 1301, 1304 (Nev. 1985)). Finally, an action to quiet title requires a plaintiff to allege that he has paid any debt owed on the property. Scarberry v. Fid.

Mortg. of N.Y., No. 2:12-cv-00128-KJD-CWH, 2012 WL 2522812, at *5 (D. Nev. June 29, 2012) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011)); see also Gomez v. Countrywide Bank, FSB, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650, at *6 (D. Nev. Oct. 26, 2009) (holding that a plaintiff may not quiet title in himself where he does not allege that he is not in default).

    Plaintiffs have not alleged that they have paid the debt owed on the property. The claim must therefore be dismissed. See Rivera v. Recontrust Co., N.A., No. 2:11-CV-01695-KJD-PAL, 2012 WL 2190710, at *4 (D. Nev. June 14, 2012) ("Plaintiff claims an adverse interest in the Property but has not alleged an absence of default, and has failed to show that she has satisfied all encumbrances against the Property. . . . Accordingly, the claim for quiet title fails."). Moreover, it is undisputed that Plaintiffs have defaulted on the loan. Accordingly, Plaintiffs' quiet title action must be dismissed. See Anderson v. Deutsche Bank Nat'l Trust Co., No. 2:10-CV-1443 JCM (PAL), 2010 WL 4386958, at *5 (D. Nev. Oct. 29, 2010) ("Plaintiff's claim must be dismissed because plaintiff has not done equity; it is undisputed that plaintiff defaulted on his loan. Accordingly, the [quiet title] action is dismissed."). Furthermore, the Court dismisses the action with prejudice as leave to amend pursuant to Federal Rule of Civil Procedure 15(a) would prove futile.

### 2. Wrongful Foreclosure

Although the complaint (#1-1) does not make it explicit, Plaintiffs' allegations may be construed to assert a cause of action for wrongful foreclosure under Nevada law. Specifically, it appears that Plaintiffs claim that Defendants do not have authority to foreclose because the securitization of the note and the Deed of Trust have discharged Plaintiffs' obligations and because Defendants are not the holders in due course of the note. (See Compl. ¶ 11 (#1-1).) Plaintiffs further claim that Defendants do not have authority to foreclose where the note is "split" from the Deed of Trust. (Id.) Finally, Plaintiffs claim that there is no evidence of transfer of ownership from the original lender to the party now seeking to foreclosure. (Id. ¶ 24.)

The Nevada Supreme Court has yet to address the split note issue. See Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275 (Nev. 2011) ("Since the documents . . . did not establish transfer of either the mortgage or the note, we express no opinion on the issue addressed in the Restatement (Third) of Property Mortgages section 5.4 concerning the effect on the mortgage of the note having been transferred or the reverse."). However, courts in this District and others have repeatedly rejected the theory advanced by Plaintiffs that securitization somehow splits a note from a deed of trust and renders either a nullity or otherwise discharges a grantee's obligations. See, e.g., Parker v. GreenPoint Mortg. Funding, Inc., No. 3:11-cv-00039-ECR-RAM, 2011 WL 5248171, at *4 (D. Nev. Nov. 1, 2011) (rejecting Plaintiff's "splitting the note

1  theory"); <u>Manderville v. Litton Loan Servicing</u>, No. 2:10-cv-01696,
2  2011 WL 2149105, at *2 (D. Nev. May 31, 2011) ("As plaintiff is
3  basing her quiet title claim on the 'split the note' theory, which
4  has been rejected by many courts with regards to nonjudicial
5  foreclosures such as this, it cannot survive."); <u>Birkland v. Silver
6  State Fin. Servs., Inc.</u>, No. 2:10-cv-00035, 2010 WL 3419372, at *2
7  (D. Nev. Aug. 25, 2010) (holding that the plaintiff is "incorrect"
8  in "claiming that the securitization - or placement of her note/loan
9  on the secondary market - makes it impossible to identify which
10 parties have purchased an interest in the note, and that the deed of
11 trust 'is split from the note and is unenforceable.'").  <u>See also</u>
12 <u>Horvath v. Bank of N.Y., N.A.</u>, 641 F.3d 617, 624 (4th Cir. 2011)
13 ("If . . . the transfer of a note splits it from the deed of trust,
14 . . . there would be little reason for notes to exist in the first
15 place.  One of the defining features of notes is their
16 transferability, . . . but on [plaintiff]'s view, transferring a
17 note would strip it from the security that gives it value and render
18 the note largely worthless.  This cannot be - and is not - the
19 law."); <u>Commonwealth Prop. Advocates v. Mortg. Elec. Registration
20 Sys., Inc.</u>, No. 2:11-CV-214 TS, 2011 WL 1897826, at *2 (D. Utah May
21 18, 2011) ("[A]s any assignment of the note necessarily carries with
22 it the deed of trust securing the property, the Court has found that
23 such a 'split-note' scenario is untenable.").  The Court will
24 therefore again reject the theory that the securitization of a note
25 somehow voids Plaintiffs' obligations.
26
27
28                                    11

1   Moreover, Plaintiffs cannot establish a cause of action for
2   wrongful foreclosure where they have defaulted on the loan:

> [A]n action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). Therefore, "[t]he material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." Id. Here, Plaintiffs' claim fails because they cannot allege that there were not in default on their loan obligations when foreclosure proceedings were initiated, nor that they made any attempt to cure the default.

Finally, the judicially noticed documents evidence a procedurally proper non-judicial foreclosure in accord with Nev. Rev. Stat. § 107.080. For the foregoing reasons, Plaintiffs cannot establish a claim for wrongful foreclosure. Moreover, because the Court finds that leave to amend would prove futile, the claim will be dismissed with prejudice.

### IV. Plaintiffs' Motion to Strike (#24)

Plaintiffs' Motion to Strike and Objection to Joinder to Motion to Dismiss (#24) is a largely incoherent dissertation on "Canons of Ecclestiastical [sic] Law known collectively as Canonum De Lex Ecclesium." (Mot. Strike at 1 (#24).) In the second half of the forty-page motion, Plaintiffs have copied excerpts of the local

1  rules governing practice before this Court, the Federal Rules of
2  Evidence governing hearsay, and Federal Rule of Civil Procedure 19
3  governing required joinder of parties.  The motion also contains the
4  same argument, addressed above, that the Court lacks subject matter
5  jurisdiction.  Plaintiffs have therefore provided no basis to strike
6  Defendant LSI's Joinder (#13) to Deutsche, ETS, GMAC, and RFC's
7  Motion to Dismiss (#5).  Moreover, given that Plaintiffs'
8  substantive claims in their complaint (#1-1) have no merit, striking
9  LSI's Joinder (#13) would have little practical effect on this case.
10 Accordingly, Plaintiffs' Motion to Strike (#24) will be denied.

## V. Plaintiffs' Motion for Summary Judgment (#25)

### A. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists.  Nw. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party.  FED. R. CIV. P. 50(a).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  Warren v. City of


Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form--namely, depositions, admissions, interrogatory answers, and affidavits--only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Disputes over irrelevant or unnecessary facts should not be considered. <u>Id.</u> Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. <u>Celotex</u>, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. <u>Id.</u>

**B. Discussion**

Plaintiffs' Motion for Summary Judgment (#25) argues that Plaintiffs are entitled to judgment as a matter of law because Defendants have not presented evidence of an injury in fact to establish Constitutional standing, Defendants have not presented evidence to establish a genuine issue of material fact, and Defendants lack Constitutional standing. (Mot. Summ. J. at 2-5, 10-12 (#25).) The Motion (#25) also contains arguments that the Court lacks subject matter jurisdiction, which the Court addresses above.

Plaintiffs' argument that Defendants have not and cannot establish standing is misapplied. The authorities on standing, as cited by Plaintiffs, make clear that is it a plaintiff's burden to establish the three elements of standing because "they are not mere pleading requirements but rather an indispensable part of the plaintiff's case." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). The cases cited by Plaintiff establish that Article III standing requires that (1) "<u>the plaintiff</u> must have suffered an 'injury in fact'" that (2) is "fairly traceable to the challenged action of the defendant," and (3) that plaintiff's injury will be
15

"redressed by a favorable decision." Id. at 560-561 (citations omitted) (emphasis added). Thus, Plaintiffs' argument that Defendants cannot show that they have suffered an injury in fact is completely unavailing.

Moreover, because Plaintiffs' claims fail as a matter of law and must be dismissed, Plaintiffs cannot establish that they are entitled to summary judgment, nor have they produced any evidence establishing the absence of a genuine issue of material fact, as is their burden. Celotex, 477 U.S. at 323. Accordingly, Plaintiffs' Motion for Summary Judgment (#25) must be denied.

## VI. Conclusion

The Court may properly exercise jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. The judicially noticed documents establish that Defendants have properly initiated a non-judicial foreclosure in compliance with Nev. Rev. Stat. § 107.080 after Plaintiffs defaulted on their mortgage loan. Plaintiffs' quiet title action therefore fails as a matter of law and must be dismissed with prejudice, and Plaintiffs are not entitled to judgment as a matter of law.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' Motions to Remand (## 9, 34) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (## 5, 28) are **GRANTED**. The complaint (#1-1) is **DISMISSED** with prejudice.

1     **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (#24)
2 is **DENIED**.
3     **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary
4 Judgment (#25) is **DENIED**.
5     **IT IS FURTHER ORDERED** that Defendant Fannie Mae/Freddie Mac's
6 Motion for Hearing (#62) is **DENIED** as moot.

8     The Clerk shall enter judgment accordingly.

12 DATED: July 17, 2012.

                                                     _Edward C. Reed_
                                                     UNITED STATES DISTRICT JUDGE