```
                                    ┌─────────────────────────────────────┐
                                    │ ✓ ___ FILED           ___ RECEIVED   │
                                    │   ___ ENTERED         ___ SERVED ON  │
  1                                 │              COUNSEL/PARTIES OF RECORD│
                                    │  ┌─────────────────────────────────┐ │
  2                                 │  │         JUL 1 7 2012             │ │
                                    │  │                                 │ │
  3                                 │  └─────────────────────────────────┘ │
                                    │        CLERK US DISTRICT COURT        │
  4          UNITED STATES DISTRICT COURT  DISTRICT OF NEVADA               │
                       DISTRICT OF NEVADA  BY: _____ DEPUTY     │
  5                                 └─────────────────────────────────────┘
```

```
  6

  7  MARK TRAVIS WYMAN, KRYSTA MICHELLE )    3:12-cv-00007-ECR-WGC
     WYMAN,                            )
  8                                    )    Order
          Plaintiffs,                  )
  9                                    )
     vs.                               )
 10                                    )
     FIRST MAGNUS FINANCIAL            )
 11  CORPORATION; GMAC MORTGAGE, LLC;  )
     DEUTSCHE BANK TRUST COMPANY       )
 12  AMERICAS; RESIDENTIAL FUNDING     )
     COMPANY, LLC; EXECUTIVE TRUSTEE   )
 13  SERVICES, LLC;                    )
     FANNIE MAE/FREDDIE MAC; CEREBRUS  )
 14  CAPITAL MANAGEMENT; LSI TITLE CO.,)
     INC.; DEPARTMENT OF TREASURY a/k/a)
 15  INTERNATIONAL MONETARY FUND,      )
                                       )
 16       Defendants.                  )
                                       )
 17  _____)
```

```
 18
 19       This case arises out of a quiet title action alleging that
 20  Defendants wrongfully foreclosed on Plaintiffs' home.
 21
 22                  I. Factual and Procedural Background
 23       On or about September 6, 2006, Plaintiffs executed a Deed of
 24  Trust with regard to the real property located at 196 Taylor Creek
 25  Road, Gardnerville, NV 89406 to secure a loan in the amount of
 26
 27
 28
```

$1,000,000.00.   (Deed of Trust[1] (#30-1).)   The Deed of Trust was recorded on September 11, 2006 as document #0684234, and names Defendant First Magnus Financial Corporation as the lender, Western Title Company Inc. as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee of the lender.   (Id.)   The Deed of Trust allows the lender to appoint a substitute trustee and provides that "MERS holds only legal title to the interests granted by Borrower in this Security Instrument," but has the right to foreclose and sell the property as a nominee of the lender.   (Id.)

On June 11, 2011, MERS substituted Defendant Executive Trustee Services, LLC ("ETS") as the trustee under the Deed of Trust, memorialized by a Substitution of Trustee recorded on June 16, 2011 as document #765318.   (Substitution of Trustee (#30-3).)   Also on June 16, 2011, Defendant ETS recorded a Notice of Breach and Default and of Election to Cause Sell [sic] of Real Property Under Deed of Trust as document #765319.   (Notice of Default (#30-4).)

---

[1] Defendants Deutsche, ETS, GMAC, and RFC and Defendant FNMA have requested that the Court take judicial notice of relevant publicly recorded documents, copies of which are filed in support of their respective Motions to Dismiss (## 5, 28).   This Court takes judicial notice of these public records.   See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (holding that the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).   Importantly, "[a] court may . . . consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."   United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).   The Court therefore considers the judicially notice documents without converting the Motions to Dismiss (## 5, 28) to motions for summary judgment.

1    On February 15, 2011, MERS executed an Assignment of Deed of
2 Trust, assigning the beneficial interest in the Deed of Trust and
3 the underlying note to Defendant Deutsche Bank Trust Company
4 Americas ("Deutsche"). (Assignment of Deed of Trust (#30-5).) The
5 Assignment was recorded on February 18, 2011 as document #778756.
6 (Id.)

7    Defendant ETS, as trustee under the Deed of Trust, recorded a
8 second Notice of Breach and Default and of Election to Cause Sell
9 [sic] of Real Property Under Deed of Trust as document #779886 on
10 March 14, 2011. (Second Notice of Default (#30-8).)

11   On or about August 3, 2011, the State of Nevada Foreclosure
12 Mediation Program issued a Certificate, recorded on November 7, 2011
13 as document #792196, noting that Plaintiffs failed to attend and/or
14 produce the necessary forms at the Foreclosure Mediation Conference
15 and authorizing the beneficiary to proceed with the foreclosure
16 process. (Certificate (#30-9).)

17   On November 16, 2011, Defendant ETS recorded a Notice of
18 Trustee's Sale, setting the sale date for December 21, 2011.
19 (Notice of Sale (#30-10).)

20   Plaintiffs subsequently filed a quiet title complaint (#1-1) in
21 the Ninth District Court of the State of Nevada in and for the
22 County of Douglas (the "State Court") on December 19, 2011.
23 Defendants Residential Funding Company ("RFC"), ETS, GMAC Mortgage,
24 LLC ("GMAC"), and Deutsche removed the action to this Court on
25 January 5, 2012, invoking the Court's federal question jurisdiction.
26 (Pet. Removal (#1).)

27

28                                    3

1    On January 12, 2012, Defendants RFC, ETS, GMAC, and Deutsche
2 filed a Motion to Dismiss (#5).  On January 26, 2012 Defendant LSI
3 Title Co., Inc. ("LSI") and Defendant Fannie Mae/Freddie Mac
4 ("FNMA") joined (## 13, 16) the motion.  Plaintiffs responded (#10)
5 on January 24, 2012, and the moving Defendants replied (#19) on
6 February 1, 2012.

7    On January 24, 2012, Plaintiffs filed a Motion to Remand (#9).
8 Defendant FNMA responded (#22) on February 7, 2012, and Defendants
9 RFC, ETS, GMAC and Deutsche responded (#23) on February 8, 2012.

10    Plaintiffs filed a Motion to Strike (#24) Defendant LSI's
11 joinder (#13) to the Motion to Dismiss (#5) on February 8, 2012.
12 Defendant LSI responded (#26) on February 9, 2012.

13    On February 8, 2012, Plaintiffs filed a Motion for Summary
14 Judgment (#25).  Defendant FNMA responded (#31) on February 27,
15 2012.  Additionally, on March 1, 2012, Defendants RFC, ETS, GMAC,
16 and Deutsche filed their Response (#39), which was joined by
17 Defendants Cerebrus Capital Management ("Cerebrus"), LSI, and FNMA
18 (## 40, 41, 42).  Plaintiffs filed their Reply (#44) on March 7,
19 2012.

20    On February 17, 2012, Defendant FNMA filed a Motion to Dismiss
21 (#28).  Plaintiffs responded (#33) on February 29, 2012.  Defendant
22 Cerebrus joined (#43) FNMA's Motion to Dismiss (#28) on March 7,
23 2012.  FNMA replied (#45) on March 9, 2012.  FNMA filed a Motion for
24 Hearing (#62) regarding its Motion to Dismiss (#28) on May 30, 2012.

25
26
27
28                                   4

1    On February 29, 2012, Plaintiffs filed a Motion to Strike (#34)

2 which the Court construes as an additional motion to remand.

3 Defendant FNMA responded (#47) on March 13, 2012.

4    On April 30, 2012, we found that federal question jurisdiction

5 does not exist and ordered (#56) Defendants to submit evidence of

6 the citizenship of the parties in order to determine whether the

7 Court may exercise diversity jurisdiction over the matter.

8

9              **II. Plaintiffs' Motions to Remand (## 9, 34)**

10 **A. Legal Standard**

11    Under the federal removal statute, 28 U.S.C. § 1441(a),

12       any civil action brought in a State court of which the
         district courts of the United States have original
13       jurisdiction, may be removed by the defendant or the
         defendants, to the district court of the United States for
14       the district and division embracing the place where such
         action is pending.
15
   A district court has original jurisdiction over civil actions where
16
   the suit is between citizens of different states and the amount in
17
   controversy, exclusive of interest and costs, exceeds $75,000.00.
18
   28 U..S.C. § 1332(a).  If a defendant has improperly removed a case
19
   over which the federal court lacks diversity jurisdiction, the
20
   federal court shall remand the case to state court.  28 U.S.C. §
21
   1447(c).  However, the district court should deny a motion to remand
22
   to state court if the case was properly removed to federal court.
23
   Carpenters S. Cal. Admin. Corp. v. Majestic Hous., 743 F.2d 1341,
24
   1343 (9th Cir. 1984).  The removing party bears the burden of
25
   establishing federal jurisdiction.  Calif. ex rel Lockyer v. Dynegy,
26
   Inc., 375 F.3d 831, 839 (9th Cir. 2004).  Removal statutes are to be
27

28                                    5

1  strictly construed, and any doubts as to the right of removal must

2  be resolved in favor of remanding to state court.   Durham v.

3  Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).

4  **B. Discussion**

5      The Court finds on the basis of the pleaded facts in the

6  Petition for Removal (#1) and the additional submitted evidence of

7  citizenship that the parties are completely diverse because none of

8  the Defendants are citizens of the state of Nevada.   Furthermore,

9  Plaintiffs do not contend that any Defendant is a citizen of Nevada

10  or that the parties are not otherwise completely diverse.

11      However,  Plaintiffs dispute in their Motion for Summary

12  Judgment (#25) that the amount in controversy exceeds $75,000 as

13  required by 28 U.S.C. § 1332.   Where a defendant removes a state

14  action on the basis of diversity jurisdiction, the defendant must

15  either: (1) demonstrate that it is facially evident from the

16  plaintiff's complaint that the plaintiff seeks in excess of $75,000,

17  or (2) prove, by a preponderance of the evidence, that the amount in

18  controversy meets the jurisdictional threshold.   Valdez v. Allstate

19  Ins. Col, 372 F.3d 1115 (9th Cir. 2004).   In this case, it is clear

20  from the face of the complaint and the judicially noticed documents

21  that the amount in controversy exceeds $75,000.   While Plaintiffs do

22  not seek damages, they do seek a declaration that the promissory

23  note is fully discharged and that the Deed of Trust is null and

24  void.   (Compl. at 20 (#1-1).)   The Deed of Trust (#30-1), which is

25  also attached to Plaintiffs' complaint (see Compl. Ex. A), secures a

26  loan in the amount of $1,000,000.   Thus, not only it is "facially

27

28                                        6

1  evident" from the complaint that this requirement is met, but the

2  Deed of Trust establishes that the amount in controversy exceeds

3  $75,000 by a preponderance of the evidence.

4       Plaintiffs' remaining objections to the Court's exercise of

5  jurisdiction are generally without merit, as they cite to the

6  Federal Rules of Evidence and local rules governing appearances

7  before this Court.  Plaintiffs' Motions to Remand (## 9, 34) must

8  therefore be denied.

9

10            **III. Defendants' Motions to Dismiss (## 5, 28)**

11  **A. Legal Standard**

12       Courts engage in a two-step analysis in ruling on a motion to

13  dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp.

14  v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-

15  conclusory allegations as true. Iqbal, 129 S. Ct. at 1949.

16  "Threadbare recitals of the elements of a cause of action, supported

17  by mere conclusory statements, do not suffice." Id. (citing Twombly,

18  550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more

19  than an unadorned, the-defendant-unlawfully-harmed-me accusation."

20  Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of

21  discovery for a plaintiff armed with nothing more than conclusions."

22  Id. at 1950.  The Court must draw all reasonable inferences in favor

23  of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d

24  943, 949 (9th Cir. 2009).

25       After accepting as true all non-conclusory allegations and

26  drawing all reasonable inferences in favor of the plaintiff, the

27

28                                    7

1  Court must then determine whether the complaint "states a plausible
2  claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550
3  U.S. at 555).  "A claim has facial plausibility when the plaintiff
4  pleads factual content that allows the court to draw the reasonable
5  inference that the defendant is liable for the misconduct alleged."
6  Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility
7  standard "is not akin to a 'probability requirement,' but it asks
8  for more than a sheer possibility that a defendant has acted
9  unlawfully." Id.  A complaint that "pleads facts that are 'merely
10 consistent with' a defendant's liability...'stops short of the line
11 between possibility and plausibility of 'entitlement to relief.'"
12 Id. (quoting Twombly, 550 U.S. at 557).

13 **B. Discussion**

14     **1. Quiet Title**

15     Plaintiffs' complaint seeks to quiet title in Plaintiffs'
16 names.  Under Nevada law, a quiet title action may be brought by a
17 party who claims an adverse interest in the subject property.  NEV.
18 REV. STAT. § 40.010.  "In a quiet title action, the burden of proof
19 rests with the plaintiff to prove good title in himself." Breliant
20 v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996)
21 (citations omitted).  When an adverse claim exists, the party
22 seeking to have another party's right to property extinguished must
23 overcome the "presumption in favor of the record titleholder."  Id.
24 (citing Biasa v. Leavitt, 692 P.2d 1301, 1304 (Nev. 1985)).
25 Finally, an action to quiet title requires a plaintiff to allege
26 that he has paid any debt owed on the property.  Scarberry v. Fid.
27
28                                    8

1 Mortg. of N.Y., No. 2:12-cv-00128-KJD-CWH, 2012 WL 2522812, at *5

2 (D. Nev. June 29, 2012) (citing Ferguson v. Avelo Mortg., LLC, No.

3 B223447, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011)); see also

4 Gomez v. Countrywide Bank, FSB, No. 2:09-cv-01489-RCJ-LRL, 2009 WL

5 3617650, at *6 (D. Nev. Oct. 26, 2009) (holding that a plaintiff may

6 not quiet title in himself where he does not allege that he is not

7 in default).

8     Plaintiffs have not alleged that they have paid the debt owed

9 on the property.  The claim must therefore be dismissed.  See Rivera

10 v. Recontrust Co., N.A., No. 2:11-CV-01695-KJD-PAL, 2012 WL 2190710,

11 at *4 (D. Nev. June 14, 2012) ("Plaintiff claims an adverse interest

12 in the Property but has not alleged an absence of default, and has

13 failed to show that she has satisfied all encumbrances against the

14 Property. . . . Accordingly, the claim for quiet title fails.").

15 Moreover, it is undisputed that Plaintiffs have defaulted on the

16 loan.  Accordingly, Plaintiffs' quiet title action must be

17 dismissed.  See Anderson v. Deutsche Bank Nat'l Trust Co., No. 2:10-

18 CV-1443 JCM (PAL), 2010 WL 4386958, at *5 (D. Nev. Oct. 29, 2010)

19 ("Plaintiff's claim must be dismissed because plaintiff has not done

20 equity; it is undisputed that plaintiff defaulted on his loan.

21 Accordingly, the [quiet title] action is dismissed.").  Furthermore,

22 the Court dismisses the action with prejudice as leave to amend

23 pursuant to Federal Rule of Civil Procedure 15(a) would prove

24 futile.

25

26

27

28                         9

## 2. Wrongful Foreclosure

Although the complaint (#1-1) does not make it explicit,
Plaintiffs' allegations may be construed to assert a cause of action
for wrongful foreclosure under Nevada law.  Specifically, it appears
that Plaintiffs claim that Defendants do not have authority to
foreclose because the securitization of the note and the Deed of
Trust have discharged Plaintiffs' obligations and because Defendants
are not the holders in due course of the note.  (See Compl. ¶ 11
(#1-1).)  Plaintiffs further claim that Defendants do not have
authority to foreclose where the note is "split" from the Deed of
Trust.  (Id.)  Finally, Plaintiffs claim that there is no evidence
of transfer of ownership from the original lender to the party now
seeking to foreclosure.  (Id. ¶ 24.)

The Nevada Supreme Court has yet to address the split note
issue.  See Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275
(Nev. 2011) ("Since the documents . . . did not establish transfer
of either the mortgage or the note, we express no opinion on the
issue addressed in the Restatement (Third) of Property Mortgages
section 5.4 concerning the effect on the mortgage of the note having
been transferred or the reverse.").  However, courts in this
District and others have repeatedly rejected the theory advanced by
Plaintiffs that securitization somehow splits a note from a deed of
trust and renders either a nullity or otherwise discharges a
grantee's obligations.  See, e.g., Parker v. GreenPoint Mortg.
Funding, Inc., No. 3:11-cv-00039-ECR-RAM, 2011 WL 5248171, at *4 (D.
Nev. Nov. 1, 2011) (rejecting Plaintiff's "splitting the note

10

1  theory"); <u>Manderville v. Litton Loan Servicing</u>, No. 2:10-cv-01696,
2  2011 WL 2149105, at *2 (D. Nev. May 31, 2011) ("As plaintiff is
3  basing her quiet title claim on the 'split the note' theory, which
4  has been rejected by many courts with regards to nonjudicial
5  foreclosures such as this, it cannot survive."); <u>Birkland v. Silver</u>
6  <u>State Fin. Servs., Inc.</u>, No. 2:10-cv-00035, 2010 WL 3419372, at *2
7  (D. Nev. Aug. 25, 2010) (holding that the plaintiff is "incorrect"
8  in "claiming that the securitization – or placement of her note/loan
9  on the secondary market – makes it impossible to identify which
10 parties have purchased an interest in the note, and that the deed of
11 trust 'is split from the note and is unenforceable.'"). <u>See also</u>
12 <u>Horvath v. Bank of N.Y., N.A.</u>, 641 F.3d 617, 624 (4th Cir. 2011)
13 ("If . . . the transfer of a note splits it from the deed of trust,
14 . . . there would be little reason for notes to exist in the first
15 place.  One of the defining features of notes is their
16 transferability, . . . but on [plaintiff]'s view, transferring a
17 note would strip it from the security that gives it value and render
18 the note largely worthless.  This cannot be – and is not – the
19 law."); <u>Commonwealth Prop. Advocates v. Mortg. Elec. Registration</u>
20 <u>Sys., Inc.</u>, No. 2:11-CV-214 TS, 2011 WL 1897826, at *2 (D. Utah May
21 18, 2011) ("[A]s any assignment of the note necessarily carries with
22 it the deed of trust securing the property, the Court has found that
23 such a 'split-note' scenario is untenable.").  The Court will
24 therefore again reject the theory that the securitization of a note
25 somehow voids Plaintiffs' obligations.
26
27
28                                    11

1  Moreover, Plaintiffs cannot establish a cause of action for

2 wrongful foreclosure where they have defaulted on the loan:

3      [A]n action for the tort of wrongful foreclosure will lie
       [only] if the trustor or mortgagor can establish that at
4      the time the power of sale was exercised or the
       foreclosure occurred, no breach of condition or failure of
5      performance existed on the mortgagor's or trustor's part
       which would have authorized the foreclosure or exercise of
6      the power of sale.

7 Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.

8 1983).  Therefore, "[t]he material issue of fact in a wrongful

9 foreclosure claim is whether the trustor was in default when the

10 power of sale was exercised." Id.  Here, Plaintiffs' claim fails

11 because they cannot allege that there were not in default on their

12 loan obligations when foreclosure proceedings were initiated, nor

13 that they made any attempt to cure the default.

14     Finally, the judicially noticed documents evidence a

15 procedurally proper non-judicial foreclosure in accord with Nev.

16 Rev. Stat. § 107.080.  For the foregoing reasons, Plaintiffs cannot

17 establish a claim for wrongful foreclosure.  Moreover, because the

18 Court finds that leave to amend would prove futile, the claim will

19 be dismissed with prejudice.

20

21     **IV.  Plaintiffs' Motion to Strike (#24)**

22     Plaintiffs' Motion to Strike and Objection to Joinder to Motion

23 to Dismiss (#24) is a largely incoherent dissertation on "Canons of

24 Ecclestiastical [sic] Law known collectively as Canonum De Lex

25 Ecclesium."  (Mot. Strike at 1 (#24).)  In the second half of the

26 forty-page motion, Plaintiffs have copied excerpts of the local

27

28                               12

1 rules governing practice before this Court, the Federal Rules of
2 Evidence governing hearsay, and Federal Rule of Civil Procedure 19
3 governing required joinder of parties.  The motion also contains the
4 same argument, addressed above, that the Court lacks subject matter
5 jurisdiction.  Plaintiffs have therefore provided no basis to strike
6 Defendant LSI's Joinder (#13) to Deutsche, ETS, GMAC, and RFC's
7 Motion to Dismiss (#5).  Moreover, given that Plaintiffs'
8 substantive claims in their complaint (#1-1) have no merit, striking
9 LSI's Joinder (#13) would have little practical effect on this case.
10 Accordingly, Plaintiffs' Motion to Strike (#24) will be denied.

11

12 **V.  Plaintiffs' Motion for Summary Judgment (#25)**

13 **A. Summary Judgment Standard**

14     Summary judgment allows courts to avoid unnecessary trials
15 where no material factual dispute exists.  <u>Nw. Motorcycle Ass'n v.</u>
16 <u>U.S. Dep't of Agric.</u>, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court
17 must view the evidence and the inferences arising therefrom in the
18 light most favorable to the nonmoving party, <u>Bagdadi v. Nazar</u>, 84
19 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment
20 where no genuine issues of material fact remain in dispute and the
21 moving party is entitled to judgment as a matter of law.  FED. R.
22 CIV. P. 56(c).  Judgment as a matter of law is appropriate where
23 there is no legally sufficient evidentiary basis for a reasonable
24 jury to find for the nonmoving party.  FED. R. CIV. P. 50(a).  Where
25 reasonable minds could differ on the material facts at issue,
26 however, summary judgment should not be granted.  <u>Warren v. City of</u>

27

28                                         13

1 Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S.
2 1171 (1996).

3    The moving party bears the burden of informing the court of the
4 basis for its motion, together with evidence demonstrating the
5 absence of any genuine issue of material fact.  Celotex Corp. v.
6 Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met
7 its burden, the party opposing the motion may not rest upon mere
8 allegations or denials in the pleadings, but must set forth specific
9 facts showing that there exists a genuine issue for trial.  Anderson
10 v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Although the
11 parties may submit evidence in an inadmissible form--namely,
12 depositions, admissions, interrogatory answers, and affidavits--only
13 evidence which might be admissible at trial may be considered by a
14 trial court in ruling on a motion for summary judgment.  FED. R. CIV.
15 P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181
16 (9th Cir. 1988).

17    In deciding whether to grant summary judgment, a court must
18 take three necessary steps: (1) it must determine whether a fact is
19 material; (2) it must determine whether there exists a genuine issue
20 for the trier of fact, as determined by the documents submitted to
21 the court; and (3) it must consider that evidence in light of the
22 appropriate standard of proof.  Anderson, 477 U.S. at 248.  Summary
23 judgment is not proper if material factual issues exist for trial.
24 B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.
25 1999).  As to materiality, only disputes over facts that might
26 affect the outcome of the suit under the governing law will properly

27
28                              14

1    preclude the entry of summary judgment.  Disputes over irrelevant or

2    unnecessary facts should not be considered.  Id.  Where there is a

3    complete failure of proof on an essential element of the nonmoving

4    party's case, all other facts become immaterial, and the moving

5    party is entitled to judgment as a matter of law.  Celotex, 477 U.S.

6    at 323.  Summary judgment is not a disfavored procedural shortcut,

7    but rather an integral part of the federal rules as a whole.  Id.

8    **B. Discussion**

9        Plaintiffs' Motion for Summary Judgment (#25) argues that

10   Plaintiffs are entitled to judgment as a matter of law because

11   Defendants have not presented evidence of an injury in fact to

12   establish Constitutional standing, Defendants have not presented

13   evidence to establish a genuine issue of material fact, and

14   Defendants lack Constitutional standing.  (Mot. Summ. J. at 2-5, 10-

15   12 (#25).)  The Motion (#25) also contains arguments that the Court

16   lacks subject matter jurisdiction, which the Court addresses above.

17       Plaintiffs' argument that Defendants have not and cannot

18   establish standing is misapplied.  The authorities on standing, as

19   cited by Plaintiffs, make clear that is it a plaintiff's burden to

20   establish the three elements of standing because "they are not mere

21   pleading requirements but rather an indispensable part of the

22   plaintiff's case."  Lujan v. Defenders of Wildlife, 504 U.S. 555,

23   561 (1992).  The cases cited by Plaintiff establish that Article III

24   standing requires that (1) "the plaintiff must have suffered an

25   'injury in fact'" that (2) is "fairly traceable to the challenged

26   action of the defendant," and (3) that plaintiff's injury will be

27

28                                   15

1  "redressed by a favorable decision." <u>Id.</u> at 560-561 (citations

2  omitted) (emphasis added).  Thus, Plaintiffs' argument that

3  Defendants cannot show that they have suffered an injury in fact is

4  completely unavailing.

5      Moreover, because Plaintiffs' claims fail as a matter of law

6  and must be dismissed, Plaintiffs cannot establish that they are

7  entitled to summary judgment, nor have they produced any evidence

8  establishing the absence of a genuine issue of material fact, as is

9  their burden.  <u>Celotex</u>, 477 U.S. at 323.  Accordingly, Plaintiffs'

10 Motion for Summary Judgment (#25) must be denied.

11

12                      **VI. Conclusion**

13      The Court may properly exercise jurisdiction because the

14 parties are completely diverse and the amount in controversy exceeds

15 $75,000.  The judicially noticed documents establish that Defendants

16 have properly initiated a non-judicial foreclosure in compliance

17 with Nev. Rev. Stat. § 107.080 after Plaintiffs defaulted on their

18 mortgage loan.  Plaintiffs' quiet title action therefore fails as a

19 matter of law and must be dismissed with prejudice, and Plaintiffs

20 are not entitled to judgment as a matter of law.

21

22      **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' Motions to

23 Remand (## 9, 34) are **DENIED**.

24      **IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (##

25 5, 28) are **GRANTED**.  The complaint (#1-1) is **DISMISSED** with

26 prejudice.

27

28                              16

1    **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (#24)
2  is **DENIED**.

3    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary
4  Judgment (#25) is **DENIED**.

5    **IT IS FURTHER ORDERED** that Defendant Fannie Mae/Freddie Mac's
6  Motion for Hearing (#62) is **DENIED** as moot.

7

8    The Clerk shall enter judgment accordingly.

9

10

11

12  DATED: July  17  , 2012.

13                                    _Edward C. Reed_

14                                    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              17